UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALBERTO DE LA TORRE QUILES,**

    **Plaintiff,**

    v.

    Civil Action 2:14-cv-2336
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**FEDERAL GOVERNMENT,**

    **Defendant.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Alberto De La Torre Quiles, an Ohio resident who is proceeding without counsel, filed this action against the Federal Government.  This matter is before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

---

[1] Formerly 28 U.S.C. § 1915(d).

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Generally, in considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  In addition, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the *pro se* plaintiff's allegations as true, unless they are clearly irrational or wholly incredible."  *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

**II.**

In the caption of his Complaint, Plaintiff identifies the sole Defendant as "Federal Gov." (Compl. 1, ECF No. 3.)  Within the section of his Complaint designated for identifying the Defendants, Plaintiff further identifies Defendant as "US District Court," and lists the address for the United States District Court for the District of New Hampshire.  (*Id.* at 2.)  According to Plaintiff, Defendant Federal Government "has been consistently following [him] since 1996 from Concord[,] [New Hampshire]," when "they incarcerated [him] . . . for a crime [he] did not com[m]it."  (Compl. 3, ECF No. 3.)  In support of this allegation, Plaintiff further alleges that he has "a million federal agents constantly following [him]," as well as "various . . . under cover [agents] trying to make [him] disappear."  (*Id.*)  He adds that the Columbus police also harass him.  In terms of relief, Plaintiff requests "to be left alone."  (*Id.* at 4.)

Plaintiff's Complaint fails to meet the facial plausibility standard.  As set forth above, this Court is not required to accept the factual allegations set forth in a complaint as true when such allegations are "clearly irrational or wholly incredible."  *Reynosa*, 282 F. App'x at 389.  Plaintiff's allegations that the District of New Hampshire Court has directed millions of federal agents, under cover agents, and Columbus police officers to follow him and make him disappear rise to the level of being "irrational or wholly incredible."  Because Plaintiff's Complaint is predicated upon irrational and delusional allegations, the Undersigned finds that he has failed to state a plausible claim to relief.  It is therefore **RECOMMENDED** that the Court dismiss this action pursuant to Section 1915(e)(2).

### III.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: December 4, 2014                              /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge